UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
OCT 04 2016

| | |
|---|---|
| DERRICK GENE GOLDEN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 3:16-CV-01023-CBK<br><br>OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner pleaded guilty to conspiracy to distribute a controlled substance and was sentenced on October 7, 2013, to 188 months imprisonment. His sentence was subsequently reduced to 151 months pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines.

Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He contends that he is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), wherein the United States Supreme Court struck down as unconstitutionally vague the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Johnson was made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### DECISION

**I. The Residual Clause of the Armed Career Criminal Act.**

Chapter 44 of Title 18 of the United States Code sets forth the laws as to the manufacture, import, sale, and possession of firearms. Section 922(g) prohibits any person who has been convicted of a felony, is a fugitive from justice, is an unlawful user of or addicted to any controlled substance, has been adjudicated as having mental defects or has been committed to a mental institution, is an illegal alien, has been dishonorably discharged from the armed forces, has renounced United States citizenship, is subject to a restraining order, or has been convicted

of a crime of domestic violence from shipping, transporting, possessing, or receiving any firearm or ammunition. 18 U.S.C. § 924(g)(1)-(9).

The maximum custodial penalty for a violation of § 922(g) is ten years. 18 U.S.C. § 924(a)(2). An enhanced mandatory minimum penalty of 15 years custody applies if a prohibited person "has three previous convictions by any court referred to in section 922(g)(1) of this title **for a violent felony or a serious drug offense, or both**, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis supplied). That mandatory minimum penalty was enacted as part of The Armed Career Criminal Act of 1984 ("ACCA"), as amended.

The term "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C.A. § 924(e)(2)(B) (emphasis supplied).

Section 924(e)(2)(B)(i) is known as the elements clause. Section 924(e)(2)(B)(ii) is known as the enumerated offenses clause. The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2556. The United States Supreme Court held in Johnson that the residual clause of the ACCA is unconstitutionally vague. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2557-60. The Johnson "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson v. United States, ___ U.S. at ___. 135 S.Ct. at 2563. The Supreme Court has held that Johnson is to be applied retroactively to cases under collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). However, only defendants who were subject to ACCA's mandatory minimum sentence because at least one of their prior convictions was for a violent felony as defined by the residual clause are entitled to collateral relief.

## II. Petitioner's case.

Petitioner's crime of conviction was not for an 18 U.S.C. § 922(g) offense and he was not subject to the mandatory minimum 15 year sentence provision of ACCA. The rule announced in Johnson v. United States does not afford petitioner any relief.

Petitioner contends that Johnson invalidated the two level enhancement he received under Guidelines § 3C1.2 for reckless endangerment during flight. That enhancement applied because this Court found that the petitioner "recklessly created a substantial risk of death or serious bodily injury to another person" when he led law enforcement on a high speed chase after they attempted to stop his vehicle to make contact with him. Petitioner contends that Johnson's holding that the 18 U.S.C.A. § 924(e)(2)(B) phrase "presents a serious potential risk of physical injury to another" is unconstitutionally vague applies equally to the Guidelines § 3C1.2 phrase "created a substantial risk of death or serious bodily injury to another."

Johnson does not provide a basis for relief under § 2255 until the United States Supreme Court says it does. Tyler v. Cain, 533 U.S. 656, 662, 121 S. Ct. 2478, 2482, 150 L. Ed. 2d 632 (2001). Johnson has not been held to be applicable to the provisions of Guidelines § 3C1.2. The reckless endangerment provision is not so similar to the residual clause of ACCA that, absent direction from the United States Supreme Court or the United States Court of Appeals for the Eighth Circuit, this court is required to afford relief under the teaching of Johnson.

## ORDER

Now, therefore,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner was convicted of conspiracy to distribute a controlled substance. He was sentenced to 188 months imprisonment, which was later reduced to 151 months based upon Amendment 782 to the Sentencing Guidelines. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that he is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). I summarily denied the motion to vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right. The United States Supreme Court's decision in <u>Johnson</u> is not applicable because petitioner's sentence was not enhanced under the Armed Career Criminal Act. Further, the rule in <u>Johnson</u> has not been held to be applicable to Guidelines § 3C1.2.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. Any application for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Fed. R. App. P. 22.

DATED this 4th day of October, 2016.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge